BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
DEC -1 1978
PATRICIA D. HOWARD
CLERK OF THE PANEL

12/1/78

IN RE HELICOPTER CRASH NEAR MARSH  )    DOCKET NO. 353
ISLAND, LOUISIANA, ON DECEMBER 8,   )
1977                                )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY,
AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

    This litigation consists of eleven actions pending in three districts: nine in the Western District of Louisiana and one each in the Eastern District of Louisiana and the Eastern District of Texas.

    The actions arose from a helicopter crash on an oil production platform near Marsh Island, Louisiana, in the Gulf of Mexico on December 8, 1977. Seventeen persons were killed and two persons were injured in the accident. Petroleum Helicopters, Inc. (PHI), the owner of the helicopter that crashed, is named as a defendant in all eleven actions. Mission Viking, Inc. (Mission), the operator of the platform on which the crash occurred, is a defendant in all actions except the Texas action.[1/] Aerospatiale Helicopter Corporation (Aerospatiale), the

---

[1/] In five of these actions, Mission is sued sub. nom Mission Drilling and Exploration Co.

manufacturer of the helicopter, is a defendant in seven of the Western District of Louisiana actions. American Home Assurance Company (American), PHI's and Mission's insurance company, is a defendant in five of the Western District of Louisiana actions. PHI is accused of negligence in the piloting of the helicopter; Mission is accused of negligence in positioning a crane in close proximity to the landing area on the oil production platform; and Aerospatiale is accused of negligence in the design, manufacture and testing of the helicopter. Other theories of recovery against these three defendants include breach of warranties, strict liability, and res ipsa loquitor.

PHI moves the Panel, pursuant to 28 U.S.C. §1407, to transfer the actions pending in districts other than the Western District of Louisiana to that district for coordinated or consolidated pretrial proceedings with the actions pending there.[2/] Mission, American and plaintiffs in eight of the Western District of Louisiana actions support PHI's motion. The plaintiff in the Texas action opposes transfer of her action.

---

2/ PHI moved on September 15, 1978 to include in those proceedings three additional actions pending in the Western District of Louisiana. This motion was filed too late for these three actions to be considered with the other actions in this litigation at the Panel hearing held on this matter on September 29, 1978, because the other parties did not have adequate time to respond. See Rule 7(b), R.P.J.P.M.L., 78 F.R.D. 561, 566 (1978). Accordingly, these three actions were treated as potential tag-along actions. See Rule 10(d), id. at 568. Because of the Panel's disposition herein, these three actions are already pending before the transferee court, and thus no further action regarding these actions is necessary by the Panel. See Rule 10(a), id.

We find that these actions involve common questions of fact and that their transfer to the Western District of Louisiana under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

No party denies the existence of common questions of fact among these actions concerning the cause or causes of the accident and the liability of the various defendants. Transfer is thus necessary in order to prevent duplicative discovery, eliminate the possiblity of conflicting pretrial rulings, and conserve the time and efforts of the parties and the judiciary. See In re Helicopter Crash in Germany on September 26, 1975, 443 F. Supp. 447, 449 (J.P.M.L. 1978).

The Texas plaintiff argues that pretrial proceedings in the Texas action are sufficiently advanced to warrant exclusion of the action from transfer under Section 1407. During oral argument before the Panel, however, PHI, the defendant in the Texas action, stated that discovery is still in progress in the Texas action and that a trial date has not yet been set. The Texas plaintiff did not refute these statements. Under these circumstances, exclusion of the Texas action from transfer under Section 1407 is not warranted. Cf. In re The Upjohn Company Antibiotic "Cleocin" Products Liability Litigation, 450 F.Supp.

1168, 1170 (J.P.M.L. 1978)(actions in which discovery concluded and trial scheduled excluded from transfer under Section 1407). We note that if and when an action or claim is in fact ready for trial, or otherwise ready for remand because the transferee judge finds that the centralized proceedings pertaining to that action or claim are completed, the transferee judge may suggest that the Panel remand the action or claim to its transferor district. See 28 U.S.C. §1407(a); Rule 11, R.P.J.P.M.L., 78 F.R.D. 561, 569-71 (1978).

We agree that the Western District of Louisiana is the appropriate transferee forum for this litigation. Many witnesses and relevant documents will be found in that district at the business offices of PHI in Lafayette, Louisiana, and also elsewhere in the district because of its proximity to the accident. Furthermore, the vast majority of the actions before us are already pending in that district. See In re Air Crash Disaster in the Ionian Sea on September 8, 1974, 407 F. Supp. 238, 240 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Western District of Louisiana be, and the same hereby are, transferred to the Western District of Louisiana and, with the consent of that court, assigned to the Honorable W. Eugene Davis for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

SCHEDULE A

| DOCKET NO. 353 | CIVIL ACTION NO. |
|---|---|
| **WESTERN DISTRICT OF LOUISIANA** | |
| Karen H. Huval, et al. v. Petroleum Helicopters, Inc., et al. | 78-0519 |
| Teresa H. Leathem, et al. v. Petroleum Helicopter, Inc., et al. | 78-0603 |
| Madeline R. Dohmann, et al. v. Petroleum Helicopters, Inc., et al. | 78-0501 |
| Teresa B. Smith, et al. v. Petroleum Helicopters, Inc., et al. | 78-0537 |
| Michael A. Peschier v. Petroleum Helicopters, Inc., et al. | CI78-0699 |
| Arthurine Witherwax v. Petroleum Helicopters, Inc., et al. | CI78-0689 |
| Hussey Huval, etc. v. Petroleum Helicopters, Inc., et al. | CI78-0520 |
| Bonnie Stebbins Thibodeaux, etc., et al. v. Petroleum Helicopters, Inc. et al. | CI78-0635 |
| Janelle O. Gonzales v. Petroleum Helicopters, Inc., et al. | CI78-0786 |
| **EASTERN DISTRICT OF LOUISIANA** | |
| Lillie J. Anderson, et al. v. Petroleum Helicopters, Inc., et al. | 78-1413-H(G) |
| **EASTERN DISTRICT OF TEXAS** | |
| Wilma J. Anderson, et al. v. Petroleum Helicopters, Inc., et al. | M-78-2CA |